Michelle Labayen (2960)
Law Office of Michelle Labayen
One Gateway Center
26th Floor
Newark, NJ 07102
973-622-8180
michelle@bankruptcynyc.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | *hearing date* |
| DISTRICT OF NEW JERSEY | BK Case No.: 12-34475 KCF |
| -------------------------------------------------------- | ADV Case No.: |
| In Re: | |
|     Crystal Ramirez | |
|        Plaintiff | COMPLAINT FOR VIOLATION |
| V. | OF FAIR DEBT COLLECTION |
| | PRACTICE 15 U.S.C § 1692 AND |
| Robert Wood Johnson University | AUTOMATIC STAY 11U.S.C §362 |
| Hospital, MCS Claim Services Inc; | & NJ FAIR DEBT COLLECTION |
| University Pediatric Associates | ACT |
|        Defendant | |
| -------------------------------------------------------- | |

The plaintiff CRYSTAL RAMIREZ (hereinafter the "plaintiff") by her attorney Law Office

of Michelle Labayen PC, and for her complaint against the defendants ROBERT WOOD

JOHNSON UNIVERSITY HOSPITAL ( hereinafter "RWJ); MCS Claim Services Inc.

(hereinafter "MCS') and University Pediatric Associates alleges as follows upon information and

belief:

PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages and statutory attorney's fees

   brought pursuant to Rule 7001(1) for violation of 11. U.S.C § 362; 15 U.S.C § 1692 *et*

   *seq* ("Fair Debt Collection Practice Act" or "FDCPA") and the New Jersey Fair Debt

   Collection Practice N.J.S.12A:3-104.

1

2. MCS violated the Federal and NJ State FDCPA after it knows the consumer to be represented by an attorney and makes request for payment in violation of 15 U.S.C 1692(c)(a)(2) and N.J.S.12A:3-104.

3. The RWJ, MCS and University Pediatric Associates, violated 11 U.S.C 362(a) with the continuation of an action to collect a debt while the debtor is under the Automatic Stay provision of the Bankruptcy Court.

4. RWJ, MCS and University Pediatric Associates willfully violated various provisions of the FDCPA and the Automatic Stay to which plaintiff is entitled to an award of punitive due to their pattern of practices and damages pursuant to the 15 U.S.C 1692(k) and 11 U.S.C 362(h).

5. The plaintiff further alleges that as a direct and proximate result of the defendants actions, conducts, omissions, she suffered actual damages including but not limited physical stress, sleeplessness, emotional stress, embarrassment, loss of appetite, strained personal relations, damage to her reputation, annoyance, aggravation and unprecedented frustration.

JURISDCTION AND VENUE

6. Jurisdiction is found on 28 U.S.C § 1331 pursuant to the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C § 1692. This Court has jurisdiction over this proceeding pursuant to 11 U.S.C §§1334 (b) and 157(b) (2) (C) to the Automatic Stay. This Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C §1367(a). Venue is properly laid pursuant to 28 U.S.C §1391(b).

## PARTIES

7. The plaintiff, CRYSTAL RAMIREZ (hereinafter "Plaintiff") is an adult resident of the State of New Jersey, 477 Horizon Drive, Edison, New Jersey 08817.

8. The plaintiff is a "consumer" within the meaning of the New Jersey Consumer Fair Debt Collection Practice and is also a person with standing to bring a claim FDCPA 15 U.S.C §1692(a)(3) by the virtue of being directly affected by the violation of the Act.

9. Upon information and belief ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL is a private for profit corporation with its principal place of business at One Robert Wood Johnson Place, New Brunswick, NJ 08903.

10. Upon information and belief MCS CLAIM SERVICES Inc. is a private for profit company categorized under Collection Agencies with its principal place of business located at 123 Frost Street, suite 150 Westbury, New York 11590.

11. Upon information and belief UNIVERSITY PEDIATRIC ASSOCIATES is a private company with its principal place of business located at 317 Cleveland Avenue, suite 204, Highland Park, NJ 08904.

## FACTUAL BACKGROUND

*i.   Facts pertaining to Robert Wood Johnson University Hospital*

12. Between January 2012 and April 2012, Plaintiff required medical care for her children for ongoing medical concerns.

13. During the same time period, the Plaintiff's husband lost his job and with his employment their health insurance coverage.

14. On or about September 2012, the Plaintiff sought bankruptcy help and subsequently filed for Bankruptcy Protection on October 6, 2012. (Exhibit A).

15. The Plaintiff listed RWJ on the Schedule F of her petition (Exhibit B).

16. On or about October 10, 2012, RWJ received Notice from this Court of the Plaintiff's Chapter 7 Bankruptcy filing. (Exhibit C).

17. On October 11, 2012 a representative from RWJ called the Plaintiff requesting payment of the medical debt in regards to the care that she received for her children between January and April of 2012.

18. On or about October 19, 2012, a representative from RWJ called the Plaintiff requesting a payment of the medical debt in regards to the care that she received for her children between January and April 2012.

19. On October 25, 2012 a representative from RWJ called the Plaintiff requesting payment of the medical debt in regards to the care that she received for her children between January and April of 2012.

20. On October 28, 2012, RWJ mailed a letter to Plaintiff stating "Your account remains unpaid and is in delinquent status.  Your immediate attention is required to resolve the balance due.  If payment is not received or we do not hear from you, your account may be forwarded to a collection agency for further action". (Exhibit D )

21. On November 9, 2012, a representative from RWJ called the Plaintiff requesting a payment of the medical debt in regards to the care that she received for her children between January and April of 2012.

22. During this time period, The debtor made repeated attempts to inform the representative that she had filed for chapter 7 Bankruptcy.

23. The Plaintiff's 341 meeting was held on November 9, 2012 in which the trustee, Andrea Dobin, conducted the meeting.

24. No creditors appeared at the Plaintiff's 341 meeting and the trustee closed the Plaintiff's 341 hearing.

25. On or about October 19, 2012, RWJ referred the debt for collections with MCS Claim Services Inc. (Exhibit D)

26. The Plaintiff believed that the medical debt was not covered by the bankruptcy and feared that additional request for medical payments would follow.

27. The additional stress has caused friction in her relationship with her husband and brought on additional concerns for future medical needs for her family.

ii. *Facts pertaining to MCS.*

28. On October 19, 2012, Plaintiff received a letter from MCS Claim Services Inc stating"…UNLESS WE RECEIVE YOUR CHECK IN THE ENVELOPE PROVIDED, OR HEAR FROM YOU WITHIN THIRTY (30) DAYS WE WILL RECOMMEND TO OUR CLIENT FURTHER ACTION BE TAKEN". (Exhibit D).

29. On December 6, 2012, MCS sent a letter to the Plaintiff which stated "WE HAVE BEEN RETAINED BY THE HOSPITAL TO COLLECT FROM YOU THE ABOVE BALANCE DUE. THIS REPRESENTS MULTIPLE DATES OF SERVICE. PLEASE SEND PAYMENT FOR THE FULL BALANCE DUE IN THE ENVELOPE PROVIDED." (Exhibit E)

30. The Plaintiff was consumed with stress and fear that she had to ask help from friends and family to pay the debt. The Plaintiff also believed that additional medical bills that she included on her bankruptcy were not "covered" by the bankruptcy court and that she would have to find the funds to pay all of her medical bills.

### *iii. Facts pertaining to University Pediatric Associates*

31. From August 17 and August 30, 2012, the Plaintiff required care for her children from their pediatrician.

32. The Plaintiff listed University Pediatric Associates on schedule F of her petition. (Exhibit B)

33. On or about October 10, 2012 University Pediatric Associates received Notice from this Court of the Plaintiff's Chapter 7 Bankruptcy filing. (Exhibit C).

34. On December 5, 2012, the Plaintiff received a letter from University Pediatric Associates requesting payment in the amount of $560.00 and stated" We will provide emergency care only for 30 days from the date of this letter. After that time the account will be sent to a collection agency". (Exhibit F).

35. The Plaintiff was consumed with stress and fear that she had to ask help from friends and family to pay the debt. The Plaintiff also believed that additional medical bills that she included on her bankruptcy were not "covered" by the bankruptcy court and that she would have to find the funds to pay all of her medical bills.

36. The additional stress has caused friction in her relationship with her husband and brought on additional concerns for future medical needs for her family.

### AS AND FOR THE FIRST CAUSE OF ACTION AGAINST RWJ

37. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

38. The RWJ violated 11 U.S.C 362(a) with the continuation of an action to collect a debt while the Plaintiff is under the Automatic Stay of the Bankruptcy Court.

39. RWJ is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the automatic stay, in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST MCS

40. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein

41. Defendant violated 15 U.S.C § 1692(c) (a) (2). MCS violated the FDCPA with continual contacts with Defendant after it knows that the consumer to be represented by an attorney in violation of 15 U.S.C 1692(c) (a) (2).

42. MCS is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the Federal FDCPA, in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## AS AND FOR THE SECOND CAUSE OF ACTION AGAINST MCS

43. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

44. MCS violated the New Jersey Fair Debt Collection practice by contacting a debtor that is represented by an attorney to that debt and has knowledge of or can readily ascertain, the attorney's name, and address pursuant N.J.S.12A:3-104, 4(a)(2) and or collect any amount, including interest, fees, charges or expenses, incidental to the principal, unless that amount is expressly authorized by the agreement creating the debt or permitted by law. N.J.S 12A:3-104 (7)(f).

45. MCS is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the State FDCPA, in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## AS AND FOR THE THIRD CAUSE OF ACTION AGAINST MCS

46. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

47. MCS violated 11 U.S.C 362(a) with the continuation of an action to collect a debt while the Automatic Stay is in Place.

48. MCS is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the Automatic Stay, in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST UNIVERSITY PEDIATRICS ASSOCIATES

49. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

50. The University Pediatrics Associates violated 11 U.S.C 362(a) with the continuation of an action to collect a debt while the Plaintiff is under the Automatic Stay of the Bankruptcy Court.

51. The University Pediatrics Associates is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the automatic stay, in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE, the plaintiff, CRYSTAL RAMIREZ, respectfully demands judgment against RWJ, MCS CLAIM SERVICES INC and UNIVERSITY PEDIATRICS ASSOCIATES as follows:

a. Declaratory judgment that Defendants conducted violated the FDCPA;

b. All actual compensatory damages suffered pursuant to 15 U.S.C§1692k(a)(1);

c. Statutory damages of $1,000 for each violation of the FDCPA pursuant to 15 U.S.C §1692k(a)(2)(A);

d. Penalties of not more than $10,000 for the first offense and $20,000 for the second offense pursuant to N.J.S C.56:8-1 et seq.);

e. All reasonable attorneys fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C §1692k(a)(3) and 11 U.S.C §362(h).

f. Any other relief deemed appropriate by this Honorable Court

January 2, 2013
Newark, New Jersey                             /s/ Michelle Labayen 2960
.                                              Law office of Michelle Labayen PC
                                               One Gateway Center, 26th Floor
                                               Newark, NJ 07102
                                               973-622-8180